IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JACK EDWARD RICHARDS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:04-CV-0231 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DISMISS IN PART AS TIME BARRED
UNDER 28 U.S.C. § 2244(d), AND TO DENY IN PART**

Came this day for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner JACK EDWARD RICHARDS on September 5, 2004.[1] By his habeas application, petitioner appears to challenge, pursuant to 28 U.S.C. §§ 2241 and 2254, his conviction for the offense of possession of a deadly weapon in a penal institution, out of the 251st Judicial District Court of Potter County, Texas and his non-release to parole, or more specifically, the failure of the Texas Board of Pardon and Paroles to conduct a parole hearing.

For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus should be DISMISSED in part as time barred and denied in part.

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court).

I.
PROCEDURAL HISTORY

Petitioner RICHARDS pleaded guilty to the offense of possession of a deadly weapon in a penal institution, and on February 12, 1996, in Cause No. 33,544-C, the trial court accepted petitioner's guilty plea, adjudged petitioner guilty of the offense and assessed petitioner's punishment at fifteen (15) years confinement in the Texas Department of Criminal Justice, Institutional Division.  No direct appeal of petitioner's conviction or sentence was taken and such conviction became final on March 13, 1996, after the expiration of the statutory thirty (30) day period in which to file a motion for new trial or a notice of appeal.  See TEX. R. APP. P. 26.2(a)(1) (West 2002).

Petitioner filed, on January 5, 2004, a state application for a writ of habeas corpus.  *Ex parte Richards*, App. No. 58,398-01 at 2.  On May 12, 2004, the Texas Court of Criminal Appeals denied such application without written order.  On September 5, 2004, petitioner filed the instant federal habeas application challenging his conviction and sentence.

II.
PETITIONER'S ALLEGATIONS

Petitioner alleges his conviction was in violation of the Constitution and/or laws of the United States for the following reasons:

1. He did not receive a competency hearing;

2. He received ineffective assistance of counsel because his attorney failed to notify the court of his past psychiatric treatment and his attorney failed to request a competency hearing;

3. He was denied due process when the trial court added an affirmative finding that

he used a deadly weapon and failed to credit him for time served[2]; and

4. He was not reviewed for parole because the trial court had erroneously placed a deadly weapon finding on his judgment and failed to credit him with time served.

### III.
### AEDPA LIMITATIONS PERIOD

Before the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 [hereinafter AEDPA], a prisoner faced no strict time constraints in filing a petition for a writ of habeas corpus. The AEDPA, however, amended 28 U.S.C. § 2244 to establish a one-year limitation period for filing a habeas petition in federal court. That section provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[2] On December 5, 2003, the trial court entered a nunc pro tunc order deleting the affirmative deadly weapon finding. *Ex parte Richards* at 45. Further, on January 14, 2004, the trial court entered another nunc pro tunc oprder crediting petitioner with time credits from August 3, 1992 through February 12, 1996. *Id.* at 46. Thus it would appear this claim, although discussed herein as time barred, could also be considered moot.

Title 28 U.S.C. § 2244(d) also provides for tolling of the statute of limitations (1) if the claims presented in the petition for writ of habeas corpus, for some reason, could not have been presented earlier because of some impediment to filing created by state action, (2) if the constitutional right asserted was initially recognized by the Supreme Court is on a date subsequent to the date the conviction became final, or (3) if the date on which the petitioner discovers the factual predicate of the claim or claims presented, or by the exercise of due diligence should have discovered them, is subsequent to the date the conviction became final. In instances such as these, the limitation period would begin on the applicable post-conviction date. The new time limitations imposed by section 2244 apply to the instant habeas application because it was filed after the effective date of the statute, April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

As stated *supra*, petitioner was convicted on February 12, 1996 and had thirty (30) days in which to file a Notice of Appeal initiating a direct appeal of his conviction and sentence. *See* Tex. R. App. P. 26.2(a)(1). Petitioner, however, failed to do so.[3] Therefore, petitioner's conviction became final upon the expiration of the time period in which to file his Notice of Appeal, or March 13, 1996. As such, the instant federal application was due on or before March 13, 1997. Petitioner would not have been entitled to any of the statutory tolling provisions because he didn't file his state writ application until January 5, 2004.[4] It is thus clear petitioner's first three (3) claims are time barred.

The Court has not determined petitioner's fourth claim, that he was denied review for

---

[3] It is questionable whether petitioner had a right of appeal because of the plea bargain.

[4] Respondent has alleged petitioner failed to raise, in his state writ application, the time credit issue asserted herein at Ground 3 as well as the claim asserted herein at Ground 4. It is the opinion that such Grounds are time barred and/or not cognizable therefore, the issue of exhaustion shall not be addressed.

parole because the trial court had erroneously placed a deadly weapon finding on his judgment and failed to credit him with time served, to be time barred because it is not entirely clear when petitioner became aware of this claim. It is unnecessary to address the timeliness of this claim because, as argued by respondent, such claim is not cognizable on federal habeas review.

Petitioner has conceded in his Answer and Rebuttal to Respondent's Answer that he, "has not demonstrated, nor could he, that he would have been released to parole had he been reviewed." (Petitioner's Answer and Rebuttal at 7). Petitioner argues however, that the issue is not whether he would have been released to parole but that he was denied a hearing at all. While the Court understands petitioner's position, it does not change the outcome. For petitioner to be successful on this claim, he must demonstrate prejudice. *See Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993)(a prerequisite to issuance of a writ of habeas corpus is showing of prejudice as a result of alleged constitutional violation). Even if petitioner is correct and he was deprived of an *earlier* parole review hearing due to the trial court's errors, he cannot show prejudice. Due to the speculative and discretionary nature of parole, petitioner cannot show he has been harmed by any alleged failure to conduct an earlier parole hearing. For these reasons, petitioner's claims must fail.[5]

### III.
### RECOMMENDATION

For the reasons set forth above, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner JACK EDWARD RICHARDS be DISMISSED in part as time barred, and

---

[5] If petitioner is presently seeking to compel the state to give him a parole review hearing, his remedy is in a civil rights action rather than a habeas action.

denied in part.

IV.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 28th day of September 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

\* **NOTICE OF RIGHT TO OBJECT**\*

    Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

    Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).